UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL BISSON, et al., | CASE NO. C12-0995JLR |
| Plaintiffs, | ORDER DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT |
| v. | |
| BANK OF AMERICA, N.A., et al., | |
| Defendants. | |

Before the court is Defendants Bank of America, N.A., Countrywide Bank, F.S.B., BAC Loans Servicing, LP, Countrywide Home Loans, Inc., ReconTrust Company, N.A., and Mortgage Electronic Registration Systems, Inc.'s Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) motion to dismiss. (Mot. (Dkt. # 15).) For the reasons explained below, the court DENIES Defendants' motion as moot.

Defendants' motion is based on Plaintiffs' original complaint for damages and declaratory relief filed on June 10, 2012. (*See generally* Mot. (citing Compl. (Dkt. # 1).)

ORDER- 1

After Defendants moved to dismiss the original complaint on August 28, 2012, Plaintiffs filed an amended complaint on October 2, 2012. (*See* Am. Compl. (Dkt. # 26).)

"[T]he general rule is that an amended complaint supercedes the original complaint and renders it without legal effect . . . ." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012); *see also Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) ("[I]t is well-established that an amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (quotation marks omitted). Courts often apply this rule to motions to dismiss a complaint that has since been superseded and deny such motions as moot. *See, e.g., Wagner v. Choice Home Lending*, 266 F.R.D. 354, 360 (D. Ariz. 2009) ("As both motions pertain to Plaintiff's original complaint and Plaintiff has since filed an Amended Complaint, both Motions are now moot."); *Garibaldi v. JPMorgan Chase Bank, N.A.*, No. 109-CV-00574-AWI-GSA, 2009 WL 1531565, at *1 (E.D. Cal. May 28, 2009) ("The amended complaint has superseded the original complaint in its entirety, and the court is now proceeding with the amended complaint. Thus, Defendants' motion addressing the original complaint is now moot.") (internal citations omitted); *Ezonics Corp. v. Primax Electronics, Ltd.*, No. C04-5370 MMC, 2005 WL 851015, at *1 (N.D. Cal. Apr. 13, 2005); *see also* 6 ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1476 (3d ed. 2012) ("[I]f the first complaint is considered superseded by the amendment, the court is not required to dismiss the suit when a motion points up [sic] the weaknesses of the earlier pleading.").

If, however, the amended complaint suffers from the same deficiencies as the original complaint, it is within the court's discretion to consider a motion based on the

original complaint as if it were based on the amended complaint. *See, e.g., Jordan v. City of Philadelphia*, 66 F. Supp. 2d 638, 641 n.1 (E.D. Pa. 1999) ("Since Counts IV through XII of the amended complaint suffer from the same deficiencies that are addressed in defendants' motion to dismiss, the court will allow the motion to dismiss these counts to be considered as addressing the amended complaint."); *Sun Co., Inc. (R & M) v. Badger Design & Constructors, Inc.*, 939 F. Supp. 365, 367 (E.D. Pa. 1996) ("[T]he contentions presented in Defendants' initial Motion to Dismiss are germane to the Amended Complaint because it failed to cure a majority of the deficiencies initially alleged."); *see also* WILLIAM W. SCHWARZER ET. AL., FEDERAL CIVIL PROCEDURE BEFORE TRIAL ¶¶ 9:262-63.1 (The Rutter Group 2012) ("[T]he court will usually treat the motion to dismiss as mooted. It may, however, proceed with the motion if the amendment does not cure the defect.").

Here, the court declines to consider Defendants' motion to dismiss as addressing the amended complaint instead of the original complaint. Although the two complaints are similar in many ways, the amended complaint alleges facts, claims, and legal theories that do not appear in the original complaint. (*See, e.g.*, Am. Compl. at ¶¶ 96-115; 147-54.) Further, the Amended Complaint appears to respond directly to many of the concerns raised by Defendants' motion to dismiss.

\\
\\
\\
\\

1  For the foregoing reasons, the court DENIES Defendants' motion as moot.

2  (Dkt. # 15.)

3  Dated this 16th day of November, 2012.

JAMES L. ROBART
United States District Judge

ORDER- 4